UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ERIC LEBRON SPRINGS, | No. 2:23-cv-0441 AC P |
| Petitioner, | |
| v. | ORDER AND FINDINGS AND RECOMMENDATIONS |
| B. TRATE, | |
| Respondent. | |

Petitioner, a federal prisoner proceeding pro se, has filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241, together with an application to proceed in forma pauperis.

I. Application to Proceed In Forma Pauperis

Examination of the in forma pauperis application reveals that petitioner is unable to afford the costs of suit. ECF No. 5. Accordingly, the application to proceed in forma pauperis will be granted. See 28 U.S.C. § 1915(a).

II. The Petition

The petition challenges petitioner's conviction under 18 U.S.C. § 924(c) in the United States District Court for the Eastern District of Tennessee. ECF No. 1. Petitioner argues that after United States v. Davis, 139 S. Ct. 2319 (2019), he is actually innocent because he merely aided and abetted Hobbs Act robbery. Id. at 3-4. Petitioner is currently incarcerated in the United States Penitentiary, Atwater, located in Merced County, which is part of the Fresno

Division of the United States District Court for the Eastern District of California.  See L.R. 120(d).

### III.  Challenging the Validity of a Conviction Under § 2241

Rule 4 of the Habeas Rules requires the court to summarily dismiss a habeas petition "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court." "[A] petition for habeas corpus should not be dismissed without leave to amend unless it appears that no tenable claim for relief can be pleaded were such leave granted." Jarvis v. Nelson, 440 F.2d 13, 14 (9th Cir. 1971).

In this case, petitioner is clearly challenging the legality of his conviction and sentence. "As a general rule, '§ 2255 provides the exclusive procedural mechanism by which a federal prisoner may test the legality of detention.'" Harrison v. Ollison, 519 F.3d 952, 955 (9th Cir. 2008) (quoting Lorentsen v. Hood, 223 F.3d 950, 953 (9th Cir. 2000)).

> By the terms of section 2255, a prisoner authorized to apply for section 2255 relief may not bring a section 2241 petition for a writ of habeas corpus "if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied him relief."

Tripati v. Henman, 843 F.2d 1160, 1162 (9th Cir. 1988) (quoting 28 U.S.C. § 2255). "Under the savings clause of § 2255, however, a federal prisoner may file a habeas corpus petition pursuant to § 2241 to contest the legality of a sentence where his remedy under § 2255 is 'inadequate or ineffective to test the legality of his detention.'" Hernandez v. Campbell, 204 F.3d 861, 864-65 (9th Cir. 2000) (quoting 28 U.S.C. § 2255). "[A] § 2241 petition is available under the 'escape hatch' of § 2255 when a petitioner (1) makes a claim of actual innocence, and (2) has not had an 'unobstructed procedural shot' at presenting that claim." Stephens v. Herrera, 464 F.3d 895, 898 (9th Cir. 2006) (citations omitted).

> An inquiry into whether a § 2241 petition is proper . . . is critical to the determination of district court jurisdiction, because the proper district for filing a habeas petition depends upon whether the petition is filed pursuant to § 2241 or § 2255.  In particular, a habeas petition filed pursuant to § 2241 must be heard in the custodial court . . . , even if the § 2241 petition contests the legality of a sentence by falling under the savings clause.

Hernandez, 204 F.3d at 865.

If the petition is properly brought as a § 2241 petition, then this action should be transferred to the Fresno Division of this court. See L.R. 120(f) (the court may, upon its own motion, transfer an action to the proper venue within the district). However, petitioner does not allege that § 2255 is inadequate or ineffective and, as addressed below, he does not qualify for the narrow escape hatch exception. Relief is therefore unavailable to him under § 2241 and the petition must be dismissed for lack of jurisdiction.

### A.  Actual Innocence

Petitioner asserts that in light of the Supreme Court's announcement that the residual clause of § 924(c) is unconstitutionally vague, he is actually innocent of using a firearm in relation to a crime of violence because he "merely" aided and abetted Hobbs Act robbery. ECF No. 1 at 3-4. He argues that because the United States Supreme Court has since held that convictions under § 924(c) based on conspiracy and attempted Hobbs Act robbery are not crimes of violence, aiding and abetting Hobbs Act robbery cannot be a crime of violence under the elements clause. Id. at 4-5.

Title 18 U.S.C. § 924(c), under which movant was charged, defines the term "crime of violence" as follows:

> (3) For purposes of this subsection the term "crime of violence" means an offense that is a felony and—
>
> (A) has as an element the use, attempted use, or threatened use of physical force against the person or property of another, or
>
> (B) that by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense.

Id., § 924(c)(3). The first clause, § 924(c)(3)(A), is known as the "force" or "elements" clause, and § 924(c)(3)(B) is known as the "residual clause."

In United States v. Davis, the United States Supreme Court announced that the residual clause of § 924(c) is unconstitutionally vague. 139 S. Ct. 2319, 2336 (2019). More recently, in United States v. Taylor, the Court held that attempted Hobbs Act robbery does not qualify as a "crime of violence" under the elements clause of § 924(c). 142 S. Ct. 2015, 2020 (2022). Neither of these opinions establishes petitioner's actual innocence.

3

  Although Davis invalidated § 924(c)'s residual clause, the elements clause remains valid and "Hobbs Act robbery is a crime of violence under the elements clause." Jones v. United States, 36 F.4th 974, 985 (9th Cir. 2022) (citation omitted).  Furthermore, while conspiracy to commit Hobbs Act robbery and attempted Hobbs Act robbery do not qualify as crimes of violence under the elements clause, United States v. Reed, 48 F.4th 1082, 1087-88 (9th Cir. 2022) (conspiracy to commit Hobbs Act robbery not a crime of violence under elements clause); Taylor, 142 S. Ct. at 2020 (attempted Hobbs Act robbery not a crime of violence under elements clause), petitioner was not convicted of either of these offenses.  Rather, petitioner was convicted of aiding and abetting Hobbs Act robbery, and "aiding and abetting a crime of violence is also a crime of violence." Young v. United States, 22 F.4th 1115, 1119 (9th Cir. 2022).  "[T]here is no distinction between aiding-and-abetting liability and liability as a principal under federal law. 'Aiding and abetting is not a separate offense; it is simply one means of committing the underlying crime.'" Young v. United States, 22 F.4th 1115, 1122 (9th Cir. 2022) (quoting Ortega-Lopez v. Barr, 978 F.3d 680, 687 n.9 (9th Cir. 2020)).  Where a defendant is found guilty under an aiding-and-abetting theory, "they are treated as if they committed the offense as principals." Id. (collecting cases).

  Because completed Hobbs Act robbery is a crime of violence, "a defendant who aids and abets a Hobbs Act robbery offense 'is deemed to have committed a crime of violence under § 924(c)'s elements clause'" and "cannot establish actual innocence." United States v. Canfield, No. 18-35715, 2022 WL 844384, at *1 (9th Cir. Mar. 22, 2022) (petitioner "cannot establish actual innocence to excuse his procedural default" on ground that aiding and abetting Hobbs Act robbery is not a crime of violence).  Petitioner is therefore unable to establish actual innocence for the purposes of the savings clause of § 2255 and cannot challenge his conviction though a § 2241 petition.

    B. Conclusion

  Since petitioner may not challenge his conviction through a § 2241 petition, he can only challenge his conviction through a § 2255 motion, which must be brought in the court which imposed the sentence.  Although this court may transfer this action "to any other district or

4

division where it might have been brought," 28 U.S.C. § 1404(a), the petition indicates that petitioner has already pursued a § 2255 motion (ECF No. 1 at 2) and it appears that the Sixth Circuit has already denied petitioner leave to pursue a second or successive § 2255 motion on the grounds presented in the instant petition.  See In re: Eric Springs, No. 20-5100, ECF No. 11 (6th Cir. June 18, 2020).  The court should therefore decline to construe the instant petition as a § 2255 motion and transfer it to the United States District Court for the Eastern District of Tennessee and the petition should be dismissed for lack of jurisdiction.  See 28 U.S.C. § 2255(a).

Accordingly, IT IS HEREBY ORDERED that:

1. Petitioner's motion to proceed in forma pauperis (ECF No. 5) is GRANTED; and
2. The Clerk of the Court shall randomly assign a United States District Judge to this action.

IT IS FURTHER RECOMMENDED that the petition be dismissed for lack of jurisdiction.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within twenty-one days after being served with these findings and recommendations, petitioner may file written objections with the court.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Petitioner is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: April 27, 2023

ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE